08 CIV 3882

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
CMC EUROPE AG
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

RECEIVED
APR 24 '08
U.S.D.C. S.D. N.Y.
X CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CMC EUROPE AG,                                      :
                                                    :
                        Plaintiff,                  :
                                                    :    08 Civ.        (   )
            - against -                             :
                                                    :    **VERIFIED COMPLAINT**
HAWKNET LTD.,                                       :
                                                    :
                        Defendant.                  :
                                                    :
------------------------------------------------------------------X

     Plaintiff, CMC Europe AG ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP,

complaining of the above-named defendant Hawknet Ltd. ("Defendant"), alleges on

information and belief as follows:

     1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more

fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28

U.S.C. § 1333.

     2.    At all material times, Plaintiff was and now is a corporation or other

business entity organized and existing under the laws of Switzerland with an office and

place of business at Lindenstrasse 14, 6340 Baar, Switzerland.

3.    At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at 27-37 St. George Road, Wimbledon SW 194 EU, England.

4.    Pursuant to a charter party fixture contract dated on or about November 14, 2007, Plaintiff, as charterer, chartered a vessel to be named from Defendant, as owner, for a certain agreed freight for the carriage of steel products from Taichung and Kaohsiung to Spain, Portugal and the United Kingdom.  The charter provides for resolution of disputes between the parties by arbitration in London with English law to apply.

5.    Pursuant to the charter party fixture contract, Defendant was obliged to tender at vessel at the first port of loading during the period 15 – 30 March 2008 inclusive.

6.    Defendant, however, breached its obligation to provide a vessel in accordance with the date provisions required in the charter party fixture contract.

7.    By reason of said breach, Plaintiff was forced to find alternate arrangements for the carriage of the cargo in question and, in doing so, had to pay an additional $468,303.90 in transportation costs and expenses over and above what Plaintiff would have paid to Defendant under the charter party fixture contract between them.

8.    By reason of the foregoing premises, Defendant has therefore breached the charter party fixture contract with Plaintiff and currently owes to Plaintiff the principal amount of $468,303.90, as best as can presently be calculated.

9.     Costs, including solicitor's fees and expenses, are routinely awarded to the successful party in London arbitration and Plaintiff claims the total of $100,000 representing a reasonable estimate of the likely solicitor's fees and arbitration costs to present and determine Plaintiff's claim in London arbitration.

10.    Interest is also routinely awarded to the prevailing party in London on the principal amount of Plaintiff's claims ($468,303.90) and Plaintiff claims compound interest at 8% compounded quarterly, as would reasonably be awarded in London arbitration, for a period of 2 years, or the sum of $80,388.76, the said period of 2 years being a reasonable estimate for resolution of the claim in London.

11.    By reason of the foregoing premises, Plaintiff claims the total sum of $648,692.66 from Defendant which includes interest and costs in London arbitration, as best as can presently be calculated.

12.    Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules"), but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

13.    Although Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, it appears from court records that Defendant has filed two actions in this Court and has obtained Supplemental Rule B attachments of certain funds believed to be in excess of

2.4 million dollars. It further appears from the docket that some of these attached funds

may be in the process of being sent to Defendant and/or sent out of the district. Plaintiff

therefore seeks to attach such funds in the hands of any garnishees, including but not

limited to Defendant's attorneys in said other actions, in addition to any other funds of

Defendant in the district.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the

Defendant, citing it to appear and answer under oath all and singular

the matters alleged in the Complaint;

B.    That, since Defendant cannot be found within this

District pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims, this Court issue an order directing the

Clerk of the Court to issue Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims, attaching all of Defendant's tangible

or intangible property owing or otherwise the property of the

Defendant up to the amount of $648,692.66 to secure Plaintiff's

claims, and that all persons claiming any interest in the same be cited

to appear and, pursuant to Supplemental Admiralty Rule B, answer the

matters alleged in the Complaint.

      C.     That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

      D.     That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

      E.     That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
       April 24, 2008

                       NOURSE & BOWLES, LLP
                       Attorneys for Plaintiff
                       CMC EUROPE AG

By:                               
                       Armand M. Paré, Jr. (AP-8575)
                       One Exchange Plaza
                       At 55 Broadway
                       New York, NY  10006-3030
                       (212) 952-6200

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein

and I have read the foregoing Verified Complaint and know the contents thereof and that

the same are true to my own knowledge, except as to the matters herein stated to be

alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information

submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

Sworn to before me this
24 day of April , 2008

Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

6